CLARK, Justice.
| )This matter is before us pursuant to this court’s appellate jurisdiction over cases in which a law or ordinance has been declared unconstitutional by the district court. La. Const, art. V, § 5(D). The trial court granted the defendant’s “Motion to Declare Constitutional Amendment Unconstitutional” on the basis that a provision of La. Const, art. I, § 17(A), amended in 2010 and applicable here, violated the Sixth and Fourteenth Amendments of the United States Constitution. For the reasons that follow, we find the district court’s ruling to be erroneous. Accordingly, we reverse and vacate the district court’s ruling granting the defendant’s motion, and remand this matter to the district court for further proceedings consistent with our interpretation of the state constitution.
FACTS AND PROCEDURAL HISTORY
This is the second time this matter has been before our court. The defendant, Timothy Bazile, was indicted by the East Baton Rouge Parish grand jury for the second degree murder of his wife, Kendra Bazile. The indictment was returned on October 13, 2010 and the defendant was arraigned on October 15, 2010. On May 18, 2011, the district court set a trial date of October 3, 2011;[1] |2notice of the trial date was given to the defendant and his counsel in open court.
At a hearing held on September 19, 2011, the defendant waived his right to a jury trial after a colloquy with the district judge. The state objected to the defendant’s action, arguing the waiver of the defendant’s right to a jury was made less than forty-five days before trial, in violation of the amendment to La. Const, art. I, § 17(A). The record shows the district judge did not resolve this dispute at that time in spite of the outstanding objection.
On the day set for trial, October 3, 2011, the defense asked for a continuance on the ground the state failed to fully comply with discovery requests. The prosecutor objected to the request for continuance, arguing the defense received open file discovery, the state was not in possession of some of the items requested, and the prosecution was under no requirement to produce other items requested. Overruling the prosecutor’s objection, the district court set a new trial date of October 11, 2011. Giving effect to the defendant’s earlier jury trial waiver, the new trial was set to proceed before the district judge.
The prosecutor again objected, arguing the defense failed to waive trial by jury within the required time limitations under the state constitution. In an attempt to overcome the state’s objection, defense counsel offered to re-set trial beyond forty-five days from the September 19, 2011 waiver. The prosecutor objected to this offer, arguing a continuance does not extend the forty-five day period provided by the state constitution. The prosecutor contended whenever the trial was held, the mode of trial would be a trial before a jury since the forty-five day period contemplat *724 ed by the state constitution had already run before the original October 3, 2011 trial date.
In response to the prosecutor’s objection, the district court orally ruled a criminal defendant’s right to a trial by judge is implicit in the federal constitutional Uright to a jury trial, to which the state constitutional procedure must yield. The district judge held a defendant has a right to waive a jury trial at any time before trial under the federal constitution; thus, the state constitutional provision which imposes limits on that right was unconstitutional. Subsequent to these oral comments from the bench, on October 5, 2011, the district judge provided additional, written reasons for his ruling, explaining his belief that La. Const, art. I, § 17(A) effectively deprived a criminal defendant of a substantive federal constitutional right and due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.
The state took a writ to the court of appeal, which was denied without comment by a vote of 2-1. State v. Bazile, 2011-1848 (La.App. 1 Cir. 10/7/11) (unpub’d). The state then applied to this court for review, which granted the state’s application. State v. Bazille, 2011-2201 (La.10/14/11); 74 So.3d 728.[2]
After our review of the record, this court concluded the constitutionality of La. Const, art. I, § 17(A) was not raised by the parties in the district court, but was, rather, raised sua sponte by the district judge. State v. Bazile, 2011-2201 p. 4 (La. 1/24/12); 85 So.3d 1, 3 (hereinafter referred to as “Bazile I ”). As such, we held in Bazile I “the procedural posture of this case precludes a decision being made regarding the constitutionality of this provision of the Louisiana Constitution,” and remanded the matter to the district court for further proceedings. Id., 2011-2201, p. 7; 85 So.3d at 5; see State v. Schoening, 2000-0903, p. 3 (La.10/17/00); 770 So.2d 762, 764, quoting Vallo v. Gayle Oil Co., Inc., 1994-1238, p. 8 (La.11/30/94); 646 So.2d 859, 864-865 (“This court has stated that, while there is no single required procedure or type of proceeding for attacking a statute’s constitutionality, ‘the long-standing jurisprudential rule of law is ... the unconstitutionality of a statute must be specially pleaded and the grounds for the 14claim particularized.’ ”).
When the matter was once more before the district court, the defendant filed a “Motion to Declare Constitutional Amendment Unconstitutional,” claiming La. Const, art. I, § 17(A), as amended in 2010, violated the federal constitution. The state filed a written opposition to the motion, which was set for hearing on July 5, 2012. Oral argument was provided by the defense and the prosecution at the hearing, after which the district court took the matter under advisement. On August 6, 2012, the district court granted the defendant’s motion, finding La. Const, art. I, § 17(A) violated the constitution. In oral reasons for his ruling, the district judge stated:
Basically, I’m ruling that the forty-five day prior to trial denies the defendant his true right to choose between a bench or a jury trial, because often times in real life practice, discovery and other materials are still being exchanged in that forty-five days. So, if the defendant is forced to make a decision forty-five days before the trial and it’s irrevocable, then he may later discover information that would influence his decision on whether or not to try the case to a *725 jury or try the case to the judge alone. And that seems to be — makes it giving the state the right to force the defendant to make a choice as to whether or not he wants a jury trial or a judge trial without all of the information that he could possibly receive to be fully informed to make that decision. And, in addition to that, during the legislative discussion on this matter there was a great deal of discussion about how this amendment would save money in rural parishes, because they would have advance notice of how many prospective jurors they would need to be summoned for a particular date. And, in my opinion!,] it’s a sad day in the history in the State of Louisiana if the justice and due process of law aré dictated by costs.
The determination to be tried by a judge or jury should rest solely with the defendant, and the ... state should not have a role in that decision making process. This choice is a right of the defendant and he should be afforded that right without any time limitations. I do not believe that the true intent of the amendment was to give the state the right to choose the method by which a defendant would stand trial, and by imposing that forty-five days that’s exactly what has happened.
So, I rule ... the constitutional amendment [is] unconstitutional.[3]
LThe district court also issued written reasons, substantially similar to the oral reasons for judgment provided on August 6, 2011, and to the written reasons previously issued in October 2011.[4]
This direct appeal is before us under La. Const, art. V, § 5(D) because a law or ordinance has been declared unconstitutional.[5] The sole issue before us is whether the district court erred in granting Ba-zile’s motion.
LAW AND DISCUSSION

Relevant History and Purpose of Constitutional Amendment

In State v. Chinn, 2011-2043 (La.2/10/12); 92 So.3d 324, a case considered at the same time as Bazile I, we granted certiorari to resolve a dispute as to the proper application of La. Const, art. I, § 17. In doing so, the court discussed the relevant history and purpose of the constitutional amendment which resulted in the present version of La. Const, art. I, § 17(A). That discussion is pertinent to the issue raised here and is reproduced below to provide the context for our present analysis:
Before its 2010 amendment, La. Const, art. I, § 17(A) provided in pertinent part:
*726 Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury.
The time for effectuating this waiver was fixed by La.C.Cr.P. art. 780(B) as follows:
IfiThe defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with the permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
Louisiana C.Cr.P. art. 521 set forth time limits as follows:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
The constitutional provision bestowed a right upon defendants to waive the right to a trial by jury. That right was statutorily subject to two relevant time periods: (1) the fifteen-day period following arraignment, during which the right to waive a jury trial is essentially unrestricted; and (2) the period commencing at the sixteenth day post-arraignment and extending to any time prior to the commencement of trial, during which period the right to waive a jury trial is subject to court approval.
Chinn, 2011-2043, p. 3-4; 92 So.3d at 326-327.
Pursuant to the 2010 amendment, La. Const, art. I, § 17(A), effective November 30, 2010,[6] now provides in pertinent part:
“Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” As we stated in Chinn,
With the 2010 amendment of La. Const, art. I, § 17(A), a third time period was imposed. That period commences forty-five days prior to trial. During this period, a defendant is prohibited from waiving the right to a trial by jury, and the district court’s ability under La.C.Cr.P. art. 780(B) to approve a waiver is similarly restricted.
Id., 2007-2377, p. 4; 92 So.3d at 327.
Our role in construing a constitutional provision “is to ascertain and give effect to the intent of the people who adopted the provision.” Chinn, 2011-2043, p. 176 — 7; 92 So.3d at 328; see Radiofone, Inc. v. City of New Orleans, 1993-0962, p. 7 (La.1/14/94); 630 So.2d 694, 698. After a review of the language of the constitutional amendment, and of the relevant legislative history, the court in Chinn determined the intent of the voters in approving the constitutional amendment at issue was, as follows:
The clear intention of the redactors of La. Const, art. I, § 17(A) was to prevent last minute waivers by criminal defendants of the right to a jury trial. Consistent with that intent, La. Const, art. I, § 17(A) was enacted to limit the time period in which a criminal defendant charged with a non-capital offense may exercise his or her constitutional right to waive a jury trial. However, the constitutional provision was not enacted to deprive a defendant of the right to waive a jury trial entirely, nor was it enacted to allow the fixing of trial dates in such a manner as to deprive a defendant of the *727 opportunity to knowingly and intelligently waive the right to a trial by jury.
Chinn, 2011-2043, p. 9; 92 So.Sd at 330.
With this context in mind, we begin our analysis of the constitutional challenges made to this provision of the state constitution.

Procedural Objection

Before we reach the substantive merits raised here, we must discuss a procedural objection raised and argued by the state through both the district attorney’s office prosecuting this case and the state attorney general’s office.[7] The Louisiana Attorney General and the district attorney’s office contend the issue of constitutionality is, again, not before us because Bazile did not properly raise the unconstitutionality of the state constitutional provision, nor did the trial court give particularized reasons for its ruling.
UThis court has long held the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. State v. Hatton, 2007-2377, p. 14 (La.7/1/08); 985 So.2d 709, 719; Schoening, 2000-0903, p. 3; 770 So.2d at 764. In Hatton, the court set out the challenger’s burden as a three-step analysis. “First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized.” Id., 2007-2377, p. 14; 985 So.2d at 719. In addition, “the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading.” Id.; 2007-2377, p. 15; 985 So.2d at 720.
The record shows Bazile raised the constitutionality of La. Const, art. I, § 17(A) in a motion, filed after this court’s remand. This court has held “[rjaising the constitutional issue in a motion has been deemed sufficient to satisfy the purpose of the three step analysis required to properly assert a constitutional challenge.” Id., 2007-2377, p. 16; 985 So.2d at 720. Therefore, Bazile satisfied the first two steps of the analysis by setting forth the constitutional challenge and the grounds therefor within a pleading, the “Motion to Declare Constitutional Amendment Unconstitutional,” filed in the district court. See State v. Granger, 2007-2285, p. 4 n. 5 (La.5/21/08); 982 So.2d 779, 784 n. 5.
In the motion, Bazile points to the specific state constitutional provision he argues is unconstitutional under the federal constitution. Bazile also specifies the amendment to the state constitution is unconstitutional because its provisions result in a deprivation of due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. At the hearing, Bazile’s counsel agreed with the state’s contention that he meant the Sixth Amendment, and not the Fifth Amendment, as the authority for his claim. From these contentions, the district judge found the state constitutional provision at issue violated not only a sub *728 stantive right, but also 19due process, guaranteed under the federal constitution.
Although brief, we find the defendant’s motion outlined the basis of his argument with sufficient particularity “to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute,” which is the purpose of our procedural rules. Hatton, 2007-2377, p. 14; 985 So.2d at 719. In addition, we find there is an adequate record with which to review the constitutional challenge. Id., 2007-2377, p. 18; 985 So.2d at 721. The offices of the attorney general and the district attorney were able to present cogent and relevant arguments in support of the constitutionality of the state constitutional provision in opposition to the defendant’s claims. Finally, we find the district judge ruled on the grounds raised by the defendant. Finding the defendant sufficiently raised the constitutional issue, and the district judge ruled with sufficient particularity, we find the procedural objections to be without merit.

No Constitutional Right to Trial by Judge

The central theme of the defendant’s argument, and the district court’s ruling, is that a criminal defendant enjoys an absolute constitutional right to determine the manner in which his trial is conducted.[8] As with the interpretation of a statute, “[t]he starting point in the interpretation of constitutional provisions is the language of the constitution itself.” East Baton Rouge Parish School Bd. v. Foster, 2002-2799, p. 16 (La.6/6/03); 851 So.2d 985, 996.
There is no explicit right to a trial by judge under the federal constitution.[9] | mlnstead, the only right to a particular mode of trial explicitly secured for criminal defendants in the federal constitution is the right to trial by jury. See U.S. Const, art. Ill, § 2, cl. 3;[10] and U.S. Const, amend. VI.[11] See also Singer v. United *729 States, 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965) (“A defendant’s only constitutional right concerning the method of trial is to an impartial trial by jury.”); United States v. Jackson, 390 U.S. 570, 584, 88 S.Ct. 1209, 1217-1218, 20 L.Ed.2d 138 (1968) (“It is true that a defendant has no constitutional right to insist that he be tried by a judge rather than a jury.”).
Along with the explicit right to trial by jury found in the federal constitution, the Supreme Court has found an implicit constitutional right to waive a jury trial under certain circumstances. See Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930), overruled on other grounds, Williams v. Florida, 399 U.S. 78, 92, 90 S.Ct. 1893,1901, 26 L.Ed.2d 446 (1970); Adams v. United States ex rel. McCann, 317 U.S. 269, 277-278, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942). However, the implicit federal constitutional right to waive a jury trial, acknowledged in Patton and Adams, has not been interpreted as providing a criminal defendant with the absolute right to select the mode of his trial. In other words, the right to waive a jury trial does not establish a constitutional right to a [^non-jury trial. In Singer, the Supreme Court considered and expressly rejected the defendant’s contention that he had a federal constitutional right to waive a jury trial and proceed to trial before a judge. The Singer Court explained: “[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.” Id., 380 U.S. at 34-35, 85 S.Ct. at 790.
Similarly, there is no explicit right to demand a trial by judge under the state constitution. Like the federal constitution, the Louisiana Constitution sets forth only the right to a trial by jury for those accused of criminal offenses and the manner in which that right may be waived. See La. Const, art. I, § 17(a);[12] see also State v. Toomer, 395 So.2d 1320, 1330 (La.1981), overruled on other grounds by State v. Guillory, 2010-1231, p. 3 (La.10/8/10); 45 So.3d 612, 615 (“There is clearly no state constitutional right not to be tried by a jury, except in the very unusual case where a fair jury trial is impossible or unlikely.”); State v. Jackson, 450 So.2d 621, 627 (La.1984) (same).
We conclude the right to trial by jury is constitutionally protected under both the federal and state constitutions. We also find there is a constitutional right to waive trial by jury under certain circumstances. However, there is no explicit or implicit federal or state constitutional right to demand trial before a judge sitting alone.

No Due Process Violation

| i2The defendant argued, and the district judge found, the 2010 amendment to La. Const, art. I, § 17(a) violates Ba-zile’s right to due process of law. The right to due process is protected in both the federal and state constitutions.[13] Due *730 process encompasses both substantive and procedural aspects. We will address both the substantive law and procedural features of the defendant’s claim that La. Const, art. I, § 17(a) violates due process.

Substantive Due Process

The first step in the analysis of a claimed substantive due process violation is the determination whether there is a property or liberty interest which is being infringed upon. This court has held in order “to prove a violation of substantive due process, defendants must first establish the existence of a constitutionally-protected property or liberty interest.” State v. Weaver, 2001-0467, p. 10 (La.1/15/02); 805 So.2d 166, 173. Here, the district judge found the provisions of the state constitution regarding jury trial waiver improperly infringed upon Bazile’s asserted right to choose whether he would be tried by a jury or a judge. As we have found, a criminal defendant has no federal or state constitutional right to choose trial before a judge. Consequently, without a protected liberty or property interest at issue, there can be no violation of substantive due process.
Even if we consider the limitations which the state constitution places on Bazile’s right to trial by jury, or the waiver of that right, we still find no violation of substantive due process. “The substantive guarantee of due process in the federal and state constitutions requires only that the legislation have a rational relationship to a legitimate state interest.” Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515, 520 (La.1983). Here, we find the limitations placed on the | fright to waive trial by jury in the state constitution do not deprive a criminal defendant of a con-stitutionally-protected right and serve a legitimate state interest.
The Supreme Court found “it has long been accepted that the waiver of constitutional rights can be subjected to reasonable procedural regulations.” Singer, 380 U.S. at 35, 85 S.Ct. at 790. In Patton, the Supreme Court found the right to trial by jury could be waived under circumstances where the government agreed with the waiver and the court approved:
Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.
Id., 281 U.S. at 311, 50 S.Ct. at 263; see also Adams, 317 U.S. at 277-278, 63 S.Ct. at 241.
The Singer Court considered whether the requirements of Fed. R.Crim. Pro. 23(a) impaired the effectiveness of a criminal defendant’s waiver of his constitutional right to trial by jury. At that time, the federal rule required a waiver of the right to jury trial to be in writing, and conditioned upon the agreement of the government and the court. An argument was *731 raised in Singer that is similar to an argument posited here, i.e. that failure to comply with the requirements for waiver would “force” a criminal defendant to receive a trial by jury. The Supreme Court reasoned:
In light of the Constitution’s emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant’s only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting 114attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury — the very thing that the Constitution guarantees him.
Singer, 380 U.S. at 36, 85 S.Ct. at 790.
The 2010 amendments to the Louisiana Constitution imposed reasonable procedural regulations on a criminal defendant’s right to waive trial by jury. As we stated in Chinn, the time for effectuating a waiver of the right to trial by jury in Louisiana is fixed both constitutionally and statutorily, due to the interplay of La. Const, art. I, § 17(a) with La.C.Cr.P. arts. 521 and 780(B). Chinn held the constitutional right to waive a jury trial, after the 2010 amendment to La. Const, art. I, § 17(a), is divided into three relevant time periods. First, there is the fifteen-day period following arraignment, during which a defendant’s right to waive a jury trial is essentially unconditional. The next time period commences on the sixteenth day post-arraignment and extends to forty-five days prior to trial. During this second time period, a defendant may waive a jury trial subject to court approval. The third time period commences forty-five days prior to trial, when a defendant is prohibited from waiving his right to trial by jury and the district court’s ability to approve such a waiver is similarly prohibited. Id., 2011-2043, p. 3-4; 92 So.3d at 326-327.
These procedural requirements imposed on a criminal defendant’s right to waive trial by jury do not violate substantive due process. “The constitutional provision was not enacted to deprive a defendant of the right to waive a jury trial entirely, nor was it enacted to allow the fixing of trial dates in such a manner as to deprive a defendant of the opportunity to knowingly and intelligently waive the right to a trial by jury.” Chinn, 2011-2043, p. 9; 92 So.3d at 330. The constitutional provision merely requires a defendant to exercise his right to waive an otherwise conditional right within a specific timeframe. The jury waiver requirements in Louisiana are still less restrictive than the waiver rules found in the 115federal system.[14] Louisiana does not require a jury waiver to be in writing. Moreover, Louisiana still affords a defen *732 dant the unconditional right to waive his jury, at least within the first fifteen days following arraignment, without obtaining the consent of either the prosecutor or the court. Thereafter, between sixteen days from arraignment and forty-five days before trial, the defendant need only obtain court approval; there is no requirement for the prosecutor to agree with the waiver during that time period.
Additionally, we find the 2010 constitutional amendment to La. Const, art. I, § 17(a) furthers a legitimate state interest. In State v. Griffin, 495 So.2d 1306, 1308 (La.1986), we set forth the following test:
Constitutional scrutiny favors the statute. Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Brenner, 486 So.2d 101 (La. 1986); State v. Rones, 223 La. 839, 67 So.2d 99 (1953). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. The attack will fail if there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety or welfare. Theriot v. Tembonne Parish Police Jury, 436 So.2d 515 (La.1983); Gilbert v. Catahoula Pansh Police Jury, 407 So.2d 1228 (La.1981). The legislation must have a rational relationship to a legitimate state interest in order to satisfy the substantive guarantee of due process in the federal and state constitutions. Theriot, supra, at 520; City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Harry’s Hardware, Inc. v. Parsons, 410 So.2d 735 (La.1982), cert, denied, 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 145 (1982).
We have already found the legislation by which the constitutional | ^amendment was ultimately enacted was motivated by “an effort to prevent what were perceived as abusive practices by defendants in criminal cases exercising waivers of jury trials in order to disrupt trial schedules.” Bazile I, 2011-2201, p. 1; 85 So.3d at 1. The district attorney and state attorney general argue the legitimate state interests furthered by the constitutional amendment are the protection of victim’s rights, an increase in judicial efficiency, the curtailment of the necessity of summoning unnecessary persons to jury duty, and the assistance to courts and prosecution with regulating their dockets. We find there is a rational relationship between the provisions La. Const, art. I, § 17(a) and these legitimate state interests.
Finding no violation of substantive due process, we next consider whether the state constitutional provision at issue violates procedural due process.

Procedural Due Process

“Procedural due process requires that before an individual is deprived of a property or liberty right, the individual must be provided with notice and an opportunity to be heard.” State v. Gol-ston, 2010-2804, 16 (La.7/1/11); 67 So.3d 452, 463. We have held “[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” Id.; see Davis v. Scherer, 468 U.S. 183, 202, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).
The record before us shows Bazile did not waive his right to trial by jury at his arraignment on October 15, 2010 or within fifteen days thereafter. On May 18, 2011, trial was set for October 3, 2011 and notice was given to both Bazile and his counsel in open court. Bazile had from October 15, 2010 (his arraignment) until August 19, 2011 (forty-five days before trial) to waive *733 his right to a jury trial, a total of 308 days. During this time period, he made numerous counseled court appearances but did not waive his right to trial by jury until September 19, 2011. The record supports our conclusion that Bazile was afforded notice and an opportunity to be heard sufficient to satisfy constitutional requirements of 117procedural due process.

Knowing and Intelligent Waiver

To be valid, a defendant’s waiver of his right to a jury trial must be knowing and intelligent. Adams, 317 U.S. at 277-278, 63 S.Ct. at 236. “[Wjhether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.” Id., 317 U.S. at 278, 63 S.Ct. at 241. The state constitution and Louisiana criminal procedure also require a criminal defendant’s waiver of his right to trial by jury to be both knowing and intelligent. See La. Const, art. I, § 17(a) and La.C.Cr.P. art. 780(A).[15] Ba-zile claims he was not able to timely waive his jury trial right because the state had not fully answered discovery. Bazile argues that without obtaining the outstanding discovery or viewing the potential jury pool, the waiver of his right to trial by jury cannot be knowing or intelligent. The district court’s reasons for judgment echo those arguments.
The defendant and the district court misunderstand, specifically, what it is that a criminal defendant must know and understand before exercising his right to waive a jury trial. In this context, a criminal defendant’s jury waiver is deemed knowing and intelligent when he understands “that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.” United States ex rel. Williams v. DeRobertis, 715 F.2d 1174, 1180 (7th Cir.1983), cert, denied, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984); see also United States v. Sammons, 918 F.2d 592, 597 (6th Cir.1990); Sowell v. Bradshaw, 372 F.3d 821, 836 (6th Cir. 2004), cert, denied, 544 U.S. 925, 125 S.Ct. 1645,161j^L.Ed.2d 485 (2005). That is all the defendant needs to know and understand. “Greater proof of knowing and intelligent waiver has been neither constitutionally nor jurisprudentially required.” State v. Johnson, 389 So.2d 1302, 1305. Thus, the type of information the defendant must possess in order to make a knowing and intelligent waiver of the right to a jury trial relates not to matters of strategy, but rather to his knowledge of his constitutional rights. See United ■ States v. Kelley, 712 F.2d 884, 888 (1st Cir.1983).
Discovery rules in criminal cases exist to ensure a criminal defendant receives a fair trial and not to inform the defendant’s strategic decision as to the mode of his trial.[16] A criminal defendant is not required to know and understand the strength of the state’s case, nor the composition of his potential jury pool before waiving his right to a jury trial. Indeed, other than complying with the rules of pretrial discovery, the state is under no legal obligation to “furnish to the defendant the details of the evidence with which it expects to prove its case.” State v. *734 Hunter, 250 La. 295, 299, 195 So.2d 273, 275 (La.1967). We have held “the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.” State v. Harper, 2010-0356, p. 9 (La. 11/30/10); 53 So.3d 1263, 1270, citing United States v. Bagley, 473 U.S. 667, 675, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). We made this point in State v. Roussel, 381 So.2d 796, 799-800 (La.1980), in our discussion of the scope of a prosecutor’s obligation to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963):
Brady is not a rule of discovery designed to help defendants decide tactical questions such as whether to waive trial by jury.... The purpose of the Brady rule is to insure that defendants receive their constitutional right to a fair trial . guaranteed by the due process clause, a trial in which the trier of fact has before it all available material 119exculpatory evidence. Defendant received his constitutionally mandated fair trial and is not entitled to a new trial because he has decided after being found guilty by a judge that he might have fared better before a jury.[17]
We hold a criminal defendant’s waiver of his right to trial by jury is knowing and intelligent when he demonstrates his understanding that he will proceed to trial before a judge upon that waiver. Information about the composition of the jury pool and any outstanding discovery, although of some strategic value, does not provide the defendant with any greater understanding of the constitutional right at stake. Consequently, we find the reasons asserted by Bazile for his failure to timely waive his right to trial by jury bear no relevance to the determination whether his jury trial waiver was knowing and intelligent.
Having found no substantive state or federal constitutional right to trial by a judge, and no violation of either substantive or procedural due process, we hold the district judge erred in granting Bazile’s motion to find La. Const, art. I, § 17(a) unconstitutional on these grounds. This case must now be remanded to the district court for further proceedings in this criminal matter.

Remand For A Jury Trial

Because we remand for further proceedings, we must determine the status of the defendant’s waiver. A reversal and remand by this court based solely on the amendment’s constitutionality will not address the question whether the defendant’s untimely waiver in 2011 has subsequently become timely by virtue of the continuation of trial, the lengthy writ and appeal processes that have occurred, or the simple passage of time. We find this question is ripe for review. “The ripeness doctrine is a tool designed to determine when judicial review is appropriate.” State v. Rochon, 2011-0009, p. 6-7 (La.10/25/11); 75 So.3d 876, 881. This court has held there are two elements which are relevant to establish the Unripeness of a case: “(1) the hardship to the parties if a court does not decide; and (2) the fitness of the issues for decision.” Rochon, 2011-0009, p. 7; 75 So.3d at 882.
The question we must now answer is whether Bazile must proceed to a trial before a jury, no matter which new trial date is selected, because Bazile failed to timely waive his right to trial by jury forty-five days before his initial trial setting. We believe the clear language of La. Const, art. I, § 17(a) requires that result.
*735 The state constitutional provision states in pertinent part: “Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” La. Const, art. I, § 17(a). As we found in Chinn, “[t]he clear intention of the redactors of La. Const, art. I, § 17(a) was to prevent last minute waivers by criminal defendants of the right to a jury trial.” Id., 2011-2048, p. 9; 92 So.3d at 330. Consequently, “La. Const, art. I, § 17(a) was enacted to limit the time period in which a criminal defendant charged with a non-capital offense may exercise his or her constitutional right to waive a jury trial.” Id. Bazile waived his right to jury trial on September 19, 2011, over a year after his arraignment on October 15, 2010, and less than forty-five days before his October 3, 2011 trial date.[18] At the time Bazile waived his right to trial by jury, he was prohibited by La. Const, art. I, § 17(a) from exercising that waiver.
The reference in the constitutional provision to a “trial date” must, we believe, refer to the initial trial setting of the matter. As this case shows, an initial trial setting may be continued again and again, which would turn a defendant’s actual date of trial into a moving target. Since trial settings are often extended for a variety of reasons, there must exist a fixed point in time by which the timeliness of a defendant’s jury waiver can be determined. If the term “trial date” is 121 interpreted to mean a date which could be continued, this interpretation would conflict with the clear intention of the provision to prevent last minute jury trial waivers. Thus, we interpret the term “trial date” in La. Const, art. I, § 17(a) to mean the initial trial setting.[19]
Having found Bazile failed to timely waive his right to trial by jury, we hold he will be tried by a jury upon remand of this matter.
CONCLUSION
For the reasons assigned, we find the provisions of La. Const, art. I, § 17(a), at issue herein, are constitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution, and the state constitution. The district court erred in granting the defendant’s motion to have La. Const, art. I, § 17(a) declared unconstitutional; the district court’s ruling is reversed and vacated. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HUGHES, Justice, dissents with reasons.

. The record shows the date set for trial on May 18, 2011 was October 2, 2011. R., Vol. 1, p. 2. However, October 2, 2011 was a Sunday. The record shows court was actually held on Monday, October 3, 2011. R., Vol. 1, p. 3; R., Vol. 2, p. 228-243. The initial trial setting will be considered in this opinion as having been set for October 3, 2011.

. The spelling of the defendant's surname was incorrect when the writ grant was reported. The correct spelling of the defendant's surname is used here.

. R„ Vol. 2, p. 256-257.

. In the later-drafted written reasons, the district judge omitted all references to the U.S. Constitution, even though that was the basis of the defendant’s motion which was granted. In all other respects, the written reasons are identical. Insofar as the district court may have based its ruling of unconstitutionality under the state constitution, our analysis will encompass both state and federal law.

. La. Const, art. V, § 5(D) provides, in pertinent part: "In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional....” As explained in Bazile I, "[a] constitutional provision begins as a legislative enactment and, therefore, also requires enforcement by the district court.” Bazile I, 2011-2201, p. 6; 85 So.3d. at 4. La. Const, art. XIII, §§ 1(A) and (C) discuss the procedure for amending the state constitution as being initiated by the legislature and submitted to the electorate. This is the procedure by which La. Const, art. I, § 17(A), at issue here, was promulgated. See 2010 La. Acts 1053, § 1, approved Nov. 2, 2010.

. See Chinn, 2011-2043, p. 9; 92 So.3d at 329.

. Whenever the constitutionality of a law or statute is at issue in a case, the parties must inform the Attorney General’s office so the state may have the opportunity to present arguments supporting the law or statute. See La. R.S. 13:4448 ("Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be made by certified mail. No judgment shall be rendered without compliance with the provisions of this Section; provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case open pending notification of the attorney general as required herein.”). Pursuant to this statutory scheme, the state attorney general's office was informed of the district court’s ruling, filed a brief in this court and participated in oral argument.

. We address this issue to respond to the defendant's arguments that the state constitutional amendment at issue violates both the Sixth Amendment of the U.S. Constitution, as well as due process under the Fourteenth Amendment.

. If such a right were to exist under the federal constitution, an impediment to the exercise of that right found in a state constitution would fall. The Supremacy Clause in the United States Constitution which accomplishes this result provides:
This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Law of any State to the Contrary notwithstanding.
U.S. Const, art. VI, cl. 2.

. “The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.”
U.S. Const, art. Ill, § 2, cl. 3 (emphasis added).

."In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI (emphasis added). The Sixth Amendment is applicable to the states through the Fourteenth Amendment. See Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447-1448, 20 L.Ed.2d 491 (1968).

. La. Const, art. I, § 17(a) provides: "A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” (Emphasis added).

. The Fourteenth Amendment of the United States Constitution prohibits ”... that any *730 state deprive any person of life, liberty, or property, without due process of law.” La. Const, art. I, § 2 similarly provides: "No person shall be deprived of life, liberty, or property, except by due process of law.”

. Fed. R.Crim. Pro., Rule 23(a) still requires the defendant’s waiver of the right to trial by jury to be in writing, and to obtain the government’s consent and the court’s approval:
Rule 23. Jury or Nonjury Trial
(a) Jury Trial. If the defendant is entitled to a jury trial, the trial must be by jury unless:
(1) the defendant waives a jury trial in writing;
(2) the government consents; and
(3)the court approves.
[[Image here]]
The jury waiver rules of several states require the defendant to obtain either the court’s approval or the consent of the government and the court’s approval. See Mo. Ann. Stat. § 565.006; Pa. Cons.Stat. Ann., Rule 620; N.Y. Crim Proc. Law § 320.10; Florida Rules of Criminal Procedure, Rule 3.260; and Tex.Code Crim. Proc. Ann. art. 1.13.

. The full text of La. Const, art. I, § 17(a) is set forth in footnote 12, supra. La.C.Cr.P. art. 780(a) provides: "A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.”

. At oral argument, Bazile’s counsel admitted Bazile could receive a fair trial.

. Id.., 381 So.2d at 799-800 (internal citation omitted).

. August 18, 2011 was the forty-fifth day before his trial date.

. We are aware courts exercising criminal jurisdiction have different, historical ways of deciding when trial is set. Some courts set an initial trial date at arraignment. Other courts set a case for trial after discovery is complete. Therefore, judges, prosecutors and defense attorneys will need to take care when scheduling initial trial settings so that the provisions of La. Const, art. I, § 17(a), La. C.Cr.P. art. 780(B) and La.C.Cr.P. art. 521 are complied with such that a non-capital criminal defendant’s constitutional right to waive trial by jury is preserved. See Chinn, 2011-2043, p. 10-11; 92 So.3d at 330.