CRICHTON, J.,
additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons.
hi additionally concur with the writ grant and write separately to note that the instant case is but one of many cases questioning the sufficiency of a jury trial waiver effected 'through' counsel. See e.g. State v. Muller, 351 So.2d 143 (La.1977); State v. Phillips, 365 So.2d 1304 (La.1978); State v. Pierre, 2002-2665 (La.3/28/03), 842 So.2d 321; State v. Bazile, 2012-2243 (La.5/7/13), 144 So.3d 719.
Because this issue continues to appear before this’Court, it is important to reemphasize that, while not absolutely mandated, the preferred method of securing a defendant’s waiver of his right to a jury trial is for the trial court (i) to advise the defendant on the record of his constitutional right to a jury trial; (ii) to secure an oral waiver from the defendant himself; and (iii) if warranted, to make a finding that the defendant has intelligently and voluntarily waived his constitutional right to a jury trial. See State v. Brooks, 2001-1138, p.8 (La. App 1 Cir. 3/28/02), 814 So.2d 72, 78, writ denied, 2002-1215 (La.11/22/02), 829 So.2d 1037. In addition to holding this colloquy on the record, the clerk of court should record a minute entry of the colloquy and the court’s ruling. See State v. Fustier, 2006-1438, p. 13 (La.App. 3 Cir. 4/4/07), 954 So.2d 866, 874.
laHere, there was no colloquy and no minute entry reflecting a jury waiver determination, which necessitated the appellate court remand for an evidentiary hearing on the issue. Again, this method is not mandated under Louisiana law, but it clari-fiés for the record — and forevermore— that defendant and his counsel have made a considered and strategic decision in waiving this fundamental constitutional right.
Nevertheless, the lower courts misinterpreted the law as requiring an oral waiver from the defendant. The evidence presented at the hearing — namely, the uncon-troverted testimony of defendant’s seasoned counsel and the defendant’s rather extensive experience in the criminal justice system — leads to but one rational conclusion: the defendant, with the benefit of effective counsel, voluntarily and intelligently waived his Sixth Amendment right to trial by jury. Therefore, the conviction is properly reinstated.