STATE OF LOUISIANA

VERSUS

PEDRO MONTERROSO

NO. 21-K-673

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

November 11, 2021

Nancy F. Vega
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 14-3761

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Hans J. Liljeberg

## WRIT GRANTED

Relator, the State of Louisiana, seeks this Court's supervisory review of the trial court's ruling that granted defendant's motion to waive jury trial. For the following reasons, we find the trial court erred in granting defendant's motion.

On October 20, 2014, the State indicted defendant, Pedro Monterroso, for second degree murder. Defendant pled not guilty, and trial was initially set for August 12, 2019 but ultimately continued numerous times. Trial is now set for November 15, 2021.

On September 17, 2018, the trial court heard and denied defendant's motion to suppress. In about April 2020, the State discovered new information, which ultimately led to a second hearing on defendant's motion to suppress and the trial court's granting of that motion to suppress. On October 1, 2021, defendant filed a waiver of jury trial, which the State opposed as untimely. After a hearing on November 5, 2021, the trial court granted defendant's waiver of jury trial. The State seeks review of this ruling.

This writ application presents the issue of whether defendant's motion to waive jury trial filed on October 1, 2021 is untimely under La. Const. art. I, Sec. 17(A), which states:

> Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury no later than forty-five days prior to the trial date and the waiver shall be irrevocable.

The Louisiana Supreme Court, in interpreting this provision, has clearly held that the "trial date" must refer to the initial trial setting of the matter because initial trial settings are often continued again and again, which would turn a defendant's actual date of trial into a moving target. State v. Bazile, 12-2243 (La. 5/7/13), 144 So.3d 719, 735. The Supreme Court further reasoned that because trial settings are often extended for a variety of reasons, there must exist a fixed point in time by which the timeliness of a defendant's jury waiver can be determined. Id.

Applying the initial trial setting rule here, defendant did not timely file his jury trial waiver. Trial was initially set for August 12, 2019, and defendant's jury waiver was not filed until well after this date on October 1, 2021.

Defendant argues, and the trial court agreed, that he could not have knowingly and intelligently waived his jury trial right before the initial trial setting because important additional information was discovered after the initial trial setting, which led to the reopening and granting of the motion to suppress his statement.

The Bazile court considered a similar argument and rejected it, stating a "defendant is not required to know and understand the strength of the state's case, nor the composition of his potential jury pool before waiving his right to a jury trial." 144 So.3d at 733. In this context, a criminal defendant's jury waiver is deemed knowing and intelligent when he understands "that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." Id. The type of information a defendant must possess to make a knowing and intelligent waiver of the right to a jury trial relates **not** to matters of strategy, but instead to his knowledge of his constitutional rights. Id.

The purpose of discovery rules in criminal cases is to ensure that a defendant receives a fair trial and not to inform the defendant's strategic decision as to the mode of his trial. <u>Id.</u> In <u>State v. Roussel</u>, 381 So.2d 796, 799-800 (La. 1980), the Louisiana Supreme Court discussed the scope of a prosecutor's obligation to disclose exculpatory evidence under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), stating:

> <u>Brady</u> is not a rule of discovery designed to help defendants decide tactical questions such as whether to waive trial by jury.... The purpose of the <u>Brady</u> rule is to insure that defendants receive their constitutional right to a fair trial guaranteed by the due process clause, a trial in which the trier of fact has before it all available material exculpatory evidence.

Because a criminal defendant's waiver of his right to trial by jury is knowing and intelligent when he demonstrates his understanding that he will proceed to trial before a judge upon that waiver, we find that defendant's reasons for his failure to timely waive his right to trial by jury bear no relevance to the determination whether his jury trial waiver was knowing and intelligent. We therefore find under <u>Bazile</u> that the trial court erred in granting defendant's motion to waive jury trial. As a result, we grant this writ, reverse the trial court's judgment and remand this case to the trial court for further proceedings in this criminal matter.

Gretna, Louisiana, this 11th day of November, 2021.

**SJW**
**FHW**
**HJL**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>11/11/2021</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-K-673**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
Darren A. Allemand (Relator)          Thomas J. Butler (Relator)
                                      Zachary Orjuela (Respondent)

### MAILED

Alex D. Lambert (Respondent)          Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                       District Attorney
848 Second Street                     Twenty-Fourth Judicial District
Third Floor                           200 Derbigny Street
Gretna, LA 70053                      Gretna, LA 70053