## No. 12,060.

### STATE EX REL. SAM ARMSTRONG VS. THE JUDGE OF THE EIGHTH JUDICIAL DISTRICT.

The application disclosing that relator had been convicted of murder and sentenced to the extreme penalty of the law, and that the respondent had subsequently appointed, at his instance, a commission of medical experts to examine into, determine and report his mental condition; that the majority of the commission had reported relator to be of sound mind, though of a low grade, and thereafter the relator had made an application to the respondent for a trial by jury of the issue of insanity *vel non*, and same had been refused. *Held:* That there is no law which imposes upon the respondent the ministerial duty of directing a trial of such an issue by a jury. In such case the allowance of trial by jury must be governed and controlled by the circumstances surrounding, and the situation of the case.

ON APPLICATION for a writ of *Mandamus*.

*John Dale* for Relator.

*M. J. Cunningham*, Attorney General, and *D. N. Thompson*, District Attorney, for Respondent.

Submitted on briefs February 10, 1896.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

WATKINS, J.   Relator avers that he was convicted of murder and sentenced to be hanged, and thereafter made an application to the

Board of Pardons for a respite from sentence until his sanity could be inquired into; and, that a respite for that purpose was granted by the Board of Pardons upon the recommendation of the respondent.

That, pending the respite, he made application to the respondent to appoint a commission of experts to examine into his mental condition and report the result of their investigation.

That the respondent appointed a committee of three experts, who acted and reported; and that a majority of the commission were of opinion that he was sane and responsible for his actions, though of a low order of intellect, while the third member was of the belief that he was " affected with emotional insanity."

That upon the filing of the report of the commission, he made application to the respondent " to have said examination continued before the jury, but he refused to allow the same."

On his statement the relator seeks, by *mandamus*, to compel respondent " to try said interdiction proceeding as a criminal case;" and that he be compelled to permit same to " be tried by a jury as in ordinary criminal cases."

Respondent returns that, subsequent to the report of the commission having been made and filed, he called upon counsel for relator, and asked him if he had " any evidence other than the report of the physicians to offer in support of his application for interdiction; and upon his replying that he had none, he announced that the demand for interdiction would be rejected."

That, at this stage of the proceedings, for the first time an application was made to have the question of relator's insanity referred to a jury trial, and that same was by him denied for two reasons, viz.:

" 1. That it came too late, the case having been submitted when the application was made.

" 2. That the proceeding came under the probate jurisdiction of the court, and was not properly triable by a jury. C. P. 924, 1036; Segur vs. Pellerin, 16 La. 66; Stafford vs. Stafford, 5 N. S. 136."
Counsel for the relator has taken as the ground of his contention that the inquiry into his sanity is of the nature of *criminal* investigation entitling him to a trial by jury—citing Arts. 6, 116 and 168 of the Constitution—but this is not correct.

That the plea of insanity may be interposed as *one means of de-fence* during the progress of a trial of a person who is accused of

crime, there is no doubt.   State vs. DeRance, 34 An. 187; State vs. Dennett, 19 An. 396; Bishop Crim. Law,  Sec. 468; Desty Crim. Law, p. 61, Sec. 23.

But the relator has been tried,  found  guilty and sentenced to the extreme penalty of the law; and now seeks to have his insanity determined and established by a jury,  as  an  independent proposition, wholly disconnected with the crime of which he  has been convicted by a jury.

Counsel has cited no specific authority for the contention on which he relies.

In State *ex rel.* Chandler vs. Judge, 45 An. 696, relator, entertaining  an  exactly opposite view from that which is presented here, sought to obtain relief from a decree of the respondent directing a trial by jury for the purpose of ascertaining whether or not he was insane.

In that case we said:

"The issue of sanity or insanity was one entering  essentially into the question of  the guilt of the accused and his punishment—for the purposes of the particular case, the subject was not being investigated with reference to property rights or civil interdiction, but as a possible shield to the person convicted himself.

" The proceeding is one well known to the law of England and of our sister States; and, if direct authority were needed to authorize it in this State, we think that authority can be found under the terms of Sec. 1768 of the Revised Statutes.

" We think that the judge was authorized under that section upon the report of the physician to direct an investigation as to the mental condition of relator and to engraft the proceedings for that purpose upon the case of Chandler, then in his court.  .

" We think the judge authorized, *in the absence of any direct mode of procedure being exacted by that section*, to mould the proceedings to correspond with the methods of proceeding resorted to for the purpose of the trial of analogous issues; and we see no just ground of complaint that the issue should have been submitted to a jury of his court."

Looking into the statute the court referred to (R. S., Sec. 1768), we find its provisions to be that "whenever it shall be made known to the judge that any lunatic or insane person within his district ought to be sent to or confined in the insane asylum of this State," it

shall be his duty "to issue a warrant to bring before him, in chambers, said lunatic or insane person, and if, after proper inquiry into all the facts and circumstances of the case," he shall be of opinion that he ought to be sent to or confined in the insane asylum he shall make out his warrant for that purpose and have him sent to the insane asylum.

And, considering said provisions, we are of opinion they are sufficient warrant for the action of the respondent in the instant case, notwithstanding this court approved of the judge's ruling in the *Chandler* case under the circumstances related.

Clearly this is not a case for *mandamus*. The relator must obtain relief, if any, from the Board of Pardons.

It is therefore ordered and decreed that the preliminary order be set aside and relator's application for a peremptory *mandamus* denied at his cost.