*1297 The opinion of the court was delivered by
Watkins, J.
We have had the present litigation before us in two previous suits, viz.:
State ex rel. Remington Paper Company vs. Judge, 45 An. 1418, and Remington Paper Company vs. Watson, 46 An. 793. The last mentioned is the instant case — same having been an appeal by the plaintiff from a judgment dismissing its suit on the ground that it disclosed no cause of action.
From our opinion in the case last cited we find plaintiff’s suit to have been an action to annul the appointment of John W. Watson as receiver of the Louisiana Printing and Publishing Company, Limited, for the purpose of enabling it to realize the amount of its claim for damages.
The prayer of the petition is, that the ex-parte order purporting to appoint John W. Watson receiver of the Louisiana Printing and Publishing Company be declared null and void and of no effect as against petitioner; and that same is ineffectual as a bar to its attachment and sequestration, or other proceedings in the United States Circuit Court. It further prays, that John W. Watson and Frank EL Pope be condemned in solido to pay petitioner three thousand eight hundred and sixty-three dollars and fifty-five cents as damages.
The petition further shows, that on the 29th of May, 1893, it commenced proceedings in the United States Circuit Court, and, under writs of attachment and sequestration therein issued, caused the property affected by its vendor’s lien to be seized, attached and sequestered, and taken into custody of the United States Marshal.
That due and legal service of said proceedings was had on J. D. Hill, president of the Louisiana Printing and Publishing Company, ■on the date of the filing thereof, and that under the Constitution and laws of the United States it has the right and is entitled to prosecute said suit with effect without let or hindrance on the part of any person — being a citizen of the State of New York.
That, nevertheless, John W. Watson in violation of petitioner’s Tights, falsely styling himself a receiver of the printing and publishing company and falsely stating that he was in possession of the property attached and sequestered, in virtue of an appointment as such *1298 receiver, filed a motion in said Circuit Court to have said attachment and sequestration set aside.
That said motion coming on for trial said court, without passing on the force or validity of those proceedings, ordered the marshal to restore the property seized in said case, to said Watson, receiver, unless within five days the plaintiff applies for and ultimately receives authority from the Civil District Court which appointed Watson, receiver, or from the appellate court, to hold same under said writ.
Petitioner then alleges that the aforesaid order will have the effect of preventing it obtaining a judgment against the printing and publishing company in the United States Circuit Court, as there is no mode of revising said order until a final judgment can be rendered in said cause.
Thereupon he assigns the following grounds for the revocation and annulment of the order appointing John W. Watson, receiver, viz.:
1. That the pretended order under which John W. Watson was appointed and pretends to exercise authority as receiver, bearing date May 17, 1893, was and is absolutely null and void as against petitioner and other creditors of the publishing and printing company, and conferred no authority on Watson, for the reason that same was made upon the collusive petition of Frank H. Pope and without citation to any one.
2. That said order was made without the oath or affidavit of any one, or any proof, and wholly ex parte, and without contradictory proceedings had with any one.
3. That said pretended order was made and endorsed upon the petition oí Pope on the same day that it was filed, and in which there was no citation prayed for.
4. That the officers of the publishing and printing company were incapable in law of withdrawing from their offices so as to delay or hinder the creditors of said corporation from pursuing it in a court of justice in an effort to collect their debts, and that said corporation does not cease to exist until regular proceedings have been taken against its officers and stockholders under its charter.
5. That the attempt to bolster up the illegal and ex parte proceedings by a so-called intervention on the part of the Attorney General will not cure the nullity of said ex parte proceedings of said Pope and Watson; and, moreover, said so-called intervention, which contains no affirmative allegations on the part of the State,. *1299 tout purports to recite and reiterate the allegations of Pope, is not a-mode of proceeding according to law.
That the State is without right to intrude itself in this manner.into controversies of private persons and to demand the forfeiture of the charter of a corporation in any mode different from that provided by law; and that the Attorney General was without authority to join said Pope in his prayer in said ex parte petition and ask that-a receiver be appointed.
That all of said proceedings were and are absolutely null and void-as against creditors.
From the foregoing it is evident that this suit is primarily an-ancillary proceeding to that of same plaintiff in the United States Circuit Court against the corporation as its debtor, and wherein it caused its property and effects to be seized, attached and sequestered, asserting a vendor’s lien upon a portion of same; and, secondarily, an action to annul the order appointing the receiver for certain alleged informalities in the proceedings, coupled with a demand for damages against Pope, the petitioning creditor, and Watson, the person who was appointed receiver.
It is evident that the plaintiff’s demand for damages was made for the purpose of exhibiting the jurisdiction of the court to decree the nullity of the order appointing the receiver; and the necessity of its situation prevented it from asking judgment for its debt against the corporation, as that would have been an abandonment of its suit in the Circuit Court, which it intended to aid.
In support of and to give color to its claim for damages against those individuals the plaintiffs’ petition avers that the two defendants named colluded and conspired together and procured the illegal-proceedings through which the receiver was appointed; and that the object in obtaining the appointment of a receiver was to defeat the collection of debts of the creditors of the corporation in the usual and ordinary manner.
On the other hand the contention of the defendants is that their proceedings were regular, legal and in due course of law; and that upon an order of court regularly and duly obtained from one of the judges of the Civil District Court, the receiver was appointed and' that he qualified and gave bond — the State through the Attorney General concurring through the instrumentality of an intervention, filed vith the leave of the court first obtained.
*1300 That the aforesaid proceedings were resorted to for the sole purpose of conserving the best interest and evident advantage of the ■corporation, its creditors in general and its stockholders — it being at the time notoriously and confessedly insolvent and unable to continue its business. That on account of the unsettled and precarious condition of the business and affairs of the corporation, its officers and directors, in the exercise of an undoubted legal right, had resigned their trusts; and that, in consequence of this situation of affairs, the duty as well as the responsibility was placed upon the creditors to protect their rights and prevent the loss, deterioration and waste of the assets of the corporation, and its absorption by a single creditor.
That the defendant, Pope, being a stockholder as well as creditor of the corporation, conceived that the appointment of a receiver was more consonant with the interests of all than any other judicial proceedings; and, in this view, the State through the Attorney General concurred.
It appears from the record that the receiver’s appointment preceded the plaintiff’s seizure in the United States Circuit Court several days; and that, at the date he appeared by an intervention in that case and claimed and demanded the surrender of the property of the corporation which the marshal held under seizure, he had not only received appointment, but had qualified thereunder according to law, and had taken physical possession thereof, under an inventory, notwithstanding he had not completed same and furnished bond as required by the order of court appointing him.
The legal result of this situation of affairs is, that the Civil District •Court acquired jurisdiction over the corporation and of its property; and the judge of the United States Circuit Court recognized that legal status when he entertained the intervention of the receiver in the plaintiff’s case, and ordered the marshal to surrender the property to him.
When the judge of that court made the order directing the marshal to restore the property seized, attached and sequestered in that case into the custody of Watson, receiver, and added thereto the proviso, that “unless within five days the plaintiff applies for and ultimately receives authority from the Civil District Court which appointed Watson receiver, or from the appellate court, to hold same under said writ,” the presumption is, that if the plaintiff failed to receive *1301 that authority the seizure would lapse, and the jurisdiction of the United States Circuit Court would cease, and the authority of the marshal over the property would also cease.
The record shows that no such authority was ever applied for by the plaintiff, or granted by the Oivil District Court; but on the contrary this action of nullity and claim for damages was resorted to, instead of such an application.
This is not a matter of legal deduction and conclusion alone, but one that has been judicially settled and determined by the judge a quo in a proceeding by rule taken by a creditor against the plaintiff and the marshal in the liquidation proceedings.
It thus appears that not only has the property seized and all other assets of the corporation passed into the custody and ’control of the receiver, but the suit of the plaintiff in the United States Circuit Court has become entirely disconnected from the liquidation and the insolvent proceedings.
By this course of dealing the present suit stands alone upon its own merits as an independent action to annul the appointment of the receiver and a demand for damages against Pope and Watson personally; consequently the action to annul must necessarily depend upon the demand for damages. For if the plaintiff has no claim for damages it would serve no useful purpose to render a judgment annulling the order appointing the receiver. Cui bono?
In the first place, addressing ourselves to the question of damages, we are of opinion that the plaintiff was plainly at fault in not employing the proper means to protect its own rights; first, because it used no effort to avail itself of the permission granted by the Circuit Court whereby the seizure might have been retained on the property; second, because it took no means or proceedings looking to the protection of and preservation of its alleged vendor’s lien upon the property after it had passed into the custody and control of the receiver, either by injunction against a sale by the receiver or a third opposition claiming the proceeds of sale under a separate appraisement and sale.
In our view such measures could have been easily resorted to on the part of the plaintiff without prejudice to this or its Circuit Court suit; and, failing in this, an insurmountable obstacle has been raised to its claim for damages.
For surely the plaintiff can not be heard to say that Watson and *1302 Pope have perpetrated upon it damages resulting from a loss and ■■injury it has occasioned through its own fault.
The plaintiff’s recourse against property stricken by a vendor’s lien ■was just as efficacious against it in the hands of the receiver as it was in that of the marshal; and had it made proper and seasonable appli•cation to the judge a quo possibly he might have permitted the marshal to retain in his possession the property seized under the writ of attachment in the Circuit Court. However vain and nugatory such an effort may have proven, it was none the less its duty to have made the effort, at least.
Surely, the receiver can not be said to have committed a wrong’ •or trespass upon the plaintiff’s rights by advertising and making a sale of corporate asset's in pursuance of an order of court to pay ■debts, especially when such sale was neither enjoined nor opposed by it.
Presumably the proceeds of the sale are yet in the hands of the ■receiver for distribution according to law, and plaintiff can exercise its rights thereon.
In our opinion, this is not a case in which we are called upon ■to examine and scrutinize the legality of the appointment of a receiver, for the reason that the complaining creditor has not •suffered any injury thereby, and is itself seeking a preference.
We think the ends of justice would be best subserved by preserving and maintaining the status quo.
Judgment affirmed.
BLANCHARD, J., not having been present at the submission of this •cause, takes no part in this opinion.