169 So. 446

**STATE v. CANNON.**

No. 33914.

May 25, 1936.

Rehearing Denied June 30, 1936.

Edwin I. Mahoney, of New Orleans, for Hugh A. Cannon, respondent in writ.

Charles A. Byrne, Dist. Atty., and Herbert W. Christenberry, Asst. Dist. Atty., both of New Orleans, for relator.

ODOM, Justice.

On January 16, 1935, Hugh A. Cannon shot and killed two women, the killing of the two being part of one and the same continuous transaction. Under article 218 of the Code of Criminal Procedure, as originally drafted, there could have been only one indictment against the defendant for the two homicides. But article 218 of the Code was repealed by Act No. 153 of 1932, and on January 31, 1935, the grand jury returned two separate murder indictments against Cannon, one for the killing of Mrs. Minnie Jackson, which was numbered 77,528, and another for the killing of Mrs. Annie May Kelly, which was numbered 77,651.

These cases were allotted to separate sections of the criminal district court for

the parish of Orleans. Case No. 77,528, involving the killing of Mrs. Jackson, was allotted finally to section A, presided over by Judge O'Hara. This case was tried before Judge O'Hara, the accused was found guilty as charged and sentenced to be hanged. On appeal to this court, the verdict and sentence were affirmed. State v. Cannon, 184 La. 514, 166 So. 485.

The other case bearing the number 77,651, involving the killing of Mrs. Kelly, was allotted to a division of the court presided over by Judge O'Donnell and was never called up or set for trial in that section of the court. Because of protracted illness which began in December, 1935, Judge O'Donnell has not been able to preside over his section of the court and due to that fact there was an accumulation of criminal cases, including this one, in that section. In February, 1936, the district attorney had certain of these accumulated cases transferred to section D of the court, presided over by Judge Echezabal, the transfer being made under section 3, rule 6, of the court. This case, however, was not among those transferred at the request of the district attorney.

Section 3, rule 6, of the criminal district court provides that either the district attorney representing the state or counsel for any defendant may apply for the removal of a case from one section of the court to another. On February 28, 1936, counsel for defendant Cannon filed in Judge Echezabal's section of the court a written order signed by Judge Charbonnet, of section E, transferring this case to section D. Judge Echezabal accepted the assignment and on

March 10, twelve days after the case was transferred, counsel for defendant filed in Judge Echezabal's court, in the presence of an assistant district attorney, a motion to retract or withdraw defendant's former plea of not guilty and in lieu thereof to file a plea of insanity, and at the same time asked the court to appoint a lunacy commission to inquire into the sanity of Cannon, not only at the time of the commission of the crime, but at the present time. The judge informed the assistant district attorney that he would postpone action on the defendant's application until a later date in order that he, the assistant district attorney, might have time to look into the matter and oppose the application if he saw fit to do so. Subsequently the assistant district attorney, by oral motion supported by argument, asked that defendant's application be dismissed. The motion to dismiss was overruled and on March 17, the lunacy commission was appointed.

The motion of the district attorney to dismiss this entire proceeding having been overruled by the court, he applied to this court for writs, praying that the court order the Honorable Frank T. Echezabal to dismiss the proceeding.

The first ground urged by counsel for the state for the dismissal of the entire proceeding is that section D of the criminal district court has no jurisdiction to try the issue brought up, because the defendant has already been tried and convicted in another section of the court under an indictment involving the identical facts and circumstances involved in this case. It is suggested that if Cannon was insane at the

time he committed the crime charged in this case, he was insane at the time he committed the other crime, of which he was convicted, the two crimes having been committed at one and the same time and as part of one continuous transaction, and that the issue presented in this case is foreclosed by the findings in the other case, and, if not, that this case should now be transferred to that section of the court where the other case was tried.

▉ We find no merit in the suggestion that section D has no jurisdiction. There is only one criminal district court in the parish of Orleans, which court is divided into five sections. The different sections are not different courts, but are separate sections or divisions of the same court. Under the rules adopted by the judges, any case alloted to one section may be transferred for reasonable cause to another section of the court, and merely because a case is allotted to one section does not invest that particular section with exclusive jurisdiction to try all issues which may arise in the case. When a case is transferred from one section to another, the section to which it is transferred has the same jurisdiction as the section to which it was regularly allotted originally.

▉ Nor are we impressed with the suggestion that under the circumstances the issue as to defendant's mental condition is foreclosed by the proceedings in the other case. It is suggested by counsel for the state, and conceded by counsel for defendant, that the killing by Cannon of the two women took place at the same time and place and that the two homicides resulted from one continuous transaction. It follows, of course, that if Cannon was insane when he killed one of the women, he was insane when he killed the other. But the killing of each was a separate homicide, a separate crime, and since the repeal of article 218 of the Code of Criminal Procedure by Act No. 153 of 1932, it was necessary that two separate indictments be returned if the state intended to prosecute this defendant for each homicide. The repeal of article 218 of the Code followed the decision in the case of State v. Roberts, 170 La. 727, 129 So. 144, 145. The law in this respect is now the same as it was formerly, which is that:

"The fact that a person commits several separate and distinct crimes at the same time, or in immediate, consecutive order, is no reason why he should not be indicted and tried for each of said crimes. This rule is so universally recognized and applied that any citation of authority would be superfluous." It matters not what pleas may have been entered by Cannon in the other case or what rulings may have been made thereon or what the final result may have been (or may yet be under his application to the United States Supreme Court for writs); he is entitled in the present case, when and if it is called up for trial by counsel for the state, to enter all such pleas and to ask for all such relief as the law allows, even though both cases arose out of one and the same continuous transaction. The reason is that in law the two crimes are separate and distinct.

▉ While this is true, it does not necessarily follow that the defendant should

now, under the peculiar and very unusual circumstances surrounding these cases, be permitted to call up this case for the purpose of having his mental status inquired into. The facts are that shortly after the indictment for the murder of Mrs. Kelly was returned and allotted to another section of the court the defendant was arraigned and pleaded not guilty. But no further steps have ever been taken by the state in the prosecution of this case. The defendant was arraigned on each of the charges and the same plea was entered in each case. The state prosecuted him under the indictment charging that he murdered Mrs. Jackson. After his conviction on that charge, the case against him for murdering Mrs. Kelly was practically abandoned. Counsel for the state informed the trial court and now informs this court that he does not expect to prosecute this particular case further in view of the fact that the verdict and sentence in the other case have been affirmed by this court and a rehearing refused.

Manifestly, counsel for defendant can have but one purpose in calling up this case and seeking the appointment of a lunacy commission, and that is to obtain, if possible, a ruling which might relieve him of the results of the conviction and sentence in the other case. Defendant is now under a death sentence in the other case and that sentence has been upheld by this court. He applied to this court for and was granted a stay of execution of sixty days in order that he might have time in which to make application to the United States Supreme Court for writs. He can therefore have no other interest in forcing the issue of his mental status in the untried

case than to relieve him of the penalty in the case already tried and disposed of.

In the case already disposed of, the proceedings were orderly and in strict accord with law and criminal procedure. He did not plead insanity when arraigned in that case, but later filed a motion asking that he be permitted to withdraw his former plea of not guilty and that a lunacy commission be appointed to inquire into his mental status at the time of the homicide and at the time of the trial. His motion was overruled for reasons stated in our opinion (see State v. Cannon, supra). The rulings made in that case are final so far as this court is concerned. Having failed in that case, he now seeks another avenue of escape, that of calling up another, a different case, which has never been pressed by the state, in order that he may per chance obtain a ruling to be used as a shield in the case already tried.

While, as we have said, if the district attorney attempts to prosecute the defendant for the murder of Mrs. Kelly, the defendant may present and urge all the pleas and defenses allowed by law, including insanity at the time the crime was committed or at the time the case is called for trial, we are of the opinion that to permit the defendant to proceed further with his motion in this case would not, under the circumstances, be in keeping with an orderly administration of justice.

If the defendant is presently insane, the sentence imposed upon him in the other case cannot be executed. In State ex rel. Paine v. Judge, 49 La.Ann. 1300, 22 So. 738, 739, it was said, "It is well settled, that if one who has committed a capital offense

becomes non compos mentis after conviction, he shall not be executed."

Defendant's remedy is to make his plea of present insanity before the judge who sentenced him and have a lunacy commission appointed. It is well established that even after a death sentence has been pronounced, the plea of present insanity when made must be heard and disposed of. This is conceded by counsel for the state in this case. See State ex rel. Armstrong v. Judge, 48 La.Ann. 503, 19 So. 475; State v. Lyons, 113 La. 959, 1000, 37 So. 890.

For the reasons assigned, the writs granted herein are made peremptory, and accordingly it is ordered that Judge Frank T. Echezabal, judge of section D of the criminal district court for the parish of Orleans, annul and vacate his order appointing a lunacy commission in this case, and dismiss the entire proceeding.

O'NIELL, C. J., absent.

ROGERS, J., concurs in the decree.