11 Writ granted. La. C.Cr.P. art. 780(B) provides “the defendant shall exercise his right to waive trial by jury... not later than forty-five days prior to the date the case is set for trial.” In State v. Bazile, 2012-2243 (La. 5/7/13), 144 So.3d 719, 735, this court recognized a defendant’s right to trial by jury and the waiver of that right are not unbridled, as it declared the mandatory forty-five day filing delay set forth in La. C.Cr.P. 780 to be constitutional since it does not deprive a defendant of “a constitutionally-protected right and serve[s] a legitimate state interest.” Id., p. 12-13, 2012-2243, 144 So.3d at 730. We recognized that for a variety of reasons trial delays may “turn a defendant’s actual date of trial into a moving target.. .[and] there must exist a fixed point in time by which the timeliness of a defendant’s jury waiver can be determined.” Id., p. 20, 2012-2243, 144 So.3d at 735. As such, in an effort to prevent last minute jury trial waivers, “we interpret[ed] the term ‘trial date’ in La. Const, art. I, § 17(a) to mean the initial trial setting.” Id., p. 21, 2012-2243, 144 So.3d at 735.
Under the given facts, we find the district court misapplied La.C.Cr.P. art. 780 and Bazile after the case was transferred to his section of Orleans Parish Criminal Court by designating a new initial trial setting for purposes of calculating the delay for the filing of a waiver of right to jury trial. The defendant had filed an earlier motion to waive in another section of court, which was denied as untimely. This court denied the defendant supervisory relief. State v. Landrieu, 2017-0009 (La. 2/10/17), 216 So.3d 48. Further, this dispute arises because the defendant’s case was transferred from another section within the same court. See, State v. Cannon, 185 La. 395, 169 So. 446, 447 (1936) *733 (“There is only one criminal district court in the parish of Orleans.... The different sections are not different courts, but are separate sections or divisions of the same court.”). However, the transfer was administrative in nature due to a local rule, and not a state procedural rule. See La. Dist. Ct. Rules Appendix — Criminal District Court for Orleans Parish, Rule 14.0A. Moreover, the amendment to the bill of information as to the date of the offense that triggered the transfer was not a substantive change, as it did not pertain to the elements of the |2crime and the state was not obligated to specify a date on the bill. La. C.Cr.P. art. 468 (“The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.”). Additionally, the district court’s designation of a new initial trial date invites the re-litigation of any pre-trial rulings addressed in the other section of court. The court’s action jeopardizes the finality of these rulings, which goes to the heart of the policy considerations articulated in Bazile.
As such, the ruling of the district court granting the motion to waive the right to jury trial is reversed. The case is remanded for further proceedings.
Weimer, J., dissents and would grant and docket the matter.
Hughes, J., would grant and docket.