Hughes, J.,
would grant the writ.
hi respectfully dissent and would grant the writ. Circular logic should not be used to deny the “preliminary” interdict an attorney of her choice. A final judgment of interdiction has not yet been rendered. Every effort should be made to allow the proposed interdict to speak in order to avoid the appearance that she has been railroaded against her will.
I note also La. Code Civ. P. art. 4554, which provides (emphasis added):
On motion of the court or any person, including the interdict, the court may modify or terminate its judgment when the court finds, by a preponderance of the evidence, that the terms of that judgment are currently either excessive or insufficient or that the ability of the interdict to care for his person or property has so changed as to warrant modification or termination. Except for good cause, the court shall follow substantially the same procedures that apply to an original petition for interdiction before it *734 modifies or terminates an interdiction judgment.