STATE OF LOUISIANA     *     NO. 2022-K-0377

VERSUS           *

                COURT OF APPEAL

JOHN SHALLERHORN     *

                FOURTH CIRCUIT

                *

                STATE OF LOUISIANA

        * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552-169, SECTION "DIVISION L"
Judge Angel Harris,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Pro Tempore Judge Madeline Jasmine)

**JASMINE, J., PRO TEMPORE, DISSENTS AND ASSIGNS REASONS**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
Assistant District Attorney, Appeals Division
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, Louisiana 70119

COUNSEL FOR STATE OF LOUISIANA/RESPONDENT

Barksdale Hortenstine, Jr.
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, 7th Floor
New Orleans, Louisiana 70119

COUNSEL FOR RELATOR/DEFENDANT


            **WRIT GRANTED, RELIEF DENIED**

          **AUGUST 19, 2022**

*SCJ*
*TFL*

Relator, a pre-trial detainee charged with one count of first degree murder in violation of La. R.S. 14:30 and one count of armed robbery with a firearm in violation of La. R.S. 14:64.3, seeks review of the trial court's denial of his motion to waive jury trial and be tried by the court. As set forth below, we find the trial court did not err in denying relator's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2021, relator was arrested for several offenses, including first degree murder. Shortly thereafter, on March 10, 2021, the State filed notice "that for any charges for which the grand jury returns an indictment …, the [s]tate will elect to forego capital punishment."[1]

On June 17, 2021, an Orleans Parish Grand Jury returned a true bill charging relator with one count of first degree murder in violation of La. R.S. 14:30 and one count of armed robbery with a firearm in violation of La. R.S. 14:64.3. On March 16, 2022, relator filed a motion for a bench trial, seeking to waive his right to a trial by jury pursuant to the provisions of La. C.Cr.P. art. 780.

---

[1] Relator represents that at an April 1, 2022 pre-trial conference, "the [s]tate reiterated that its position remain[ed] the same and offered to stipulate for purposes of this issue that the [s]tate did not have any intention of seeking the death penalty in this case."

1

On March 21, 2022, the State filed a memorandum in opposition to defendant's motion to waive trial by jury. On April 20, 2022, the trial court, following oral argument, denied relator's motion seeking to waive a jury trial. The court recognized that the Louisiana Supreme Court, in *State v. Serigne,* 2016-1034, pp. 6-7 (La. 12/6/17), 232 So.3d 1227, 1231, held that where the defendant did not face the prospect of the death penalty,[2] he may validly waive a jury trial. However, the trial court distinguished that case from the matter at hand, finding that with respect to defendant's first degree murder charge the state, at a later date, could change its mind and opt to seek the death penalty.

Following the trial court's ruling, relator lodged his objection; noticed his intent to take writs; and requested a return date. The trial court stayed the proceedings pending resolution of the writ and set a return date of May 19, 2022. On May 17, 2022, the trial court, pursuant to relator's motion, extended the return date until June 2, 2022. Relator timely filed the writ application

## DISCUSSION

The parties agree that the trial court's decision, is a legal determination and, as such, subject to a *de novo* standard of review.[3]

"Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases." La. C.Cr.P. art. 782 B. Similarly, La. C.Cr.P. art. 780 A permits trial by judge "for an offense other than one punishable by death."

Louisiana Constitution Article I, §17(A) provides, in pertinent part, that "[a] criminal case in which the punishment may be capital shall be tried before a jury of

---

[2] *Serigne* involved an aggravated rape case and the U.S. Supreme Court, before the relator's trial, held that the Eighth Amendment prohibited the death penalty for the rape of a child which did not result in death. *See Kennedy v. Louisiana,* 554 U.S. 407, 128 S.Ct. 2641 (2008).

[3] *See also State v. Thompson,* 2011-915, p. 14 (La. 5/8/12), 93 So.3d 553, 563 (citations omitted) ("Legal findings or conclusions of the trial court are reviewed *de novo.*").

twelve persons …."  Similarly, La. C.Cr.P. art. 782 A states that "[a] case in which punishment may be capital shall be tried by a jury of twelve jurors …."

The State, in its opposition, asserts that notwithstanding that it filed notice that it would not pursue the death penalty in connection with defendant's first degree murder, because defendant was charged with a capital offense, the case must be tried before a jury.  In support, the State cites *State v. Goodley,* 398 So.2d 1068, 1070-1071 (La. 1981), in which the Court held that a unanimous jury verdict was required to convict a defendant charged with a capital offense, even when the state stipulated that it would not seek the death penalty.  The Court reasoned:

> [T]he Legislature determined that for crimes that were so serious as to validly carry the death penalty, certain special procedural rules were additionally required, among which was the requirement of a unanimous jury to render a verdict.  This determination is not based on an after the fact examination of what crime the defendant may eventually be convicted of, nor is it based on an after the fact examination of what sentence he receives. Rather, the scheme is based on a determination by the Legislature that certain crimes are so serious that they require more strict procedural safeguards than other less serious crimes.  It was determined that in charged capital offenses a unanimous [jury] verdict for conviction, not just sentencing, is necessary and **there is no attendant provision giving the state the authority to alter that scheme on its own motion by simply stipulating that the death penalty will not be sought in a certain case.**

*Goodley,* 398 So.2d at 1070–1071 (emphasis added).

A case relied upon by the defense in support of its position of entitlement to waive a jury trial is *Serigne,* 2016-1034, 232 So.3d 1227.  In *Serigne,* the defendant was indicted for an aggravated rape committed during a period when that crime was punishable by death.  Later, after the U.S. Supreme Court held the death penalty was unconstitutional for a non-homicide offense, the defendant waived his right to trial by jury.  Following a bench trial, the defendant was convicted of aggravated rape.  On appeal, this Court reversed the conviction after

3

finding that the court erred by authorizing the waiver of a trial by jury because he had been charged with a capital offense even though the death penalty was not sought and was in fact an unconstitutional punishment by the time he went to trial. *State v. Serigne*, 2014-0379, p. 8 (La. App. 4 Cir. 5/2/16), 193 So.3d 297, 306 ("We find that binding Supreme Court and Fourth Circuit precedent requires a finding of reversible patent error as Lionel Serigne was charged by indictment with a capital offense and he was therefore precluded from waiving a jury trial.") However, the Louisiana Supreme Court granted writs and reversed, determining that a defendant "who never faced the prospect of the death penalty" may validly waive his right to a jury trial. *Serigne,* 2016-1034, pp. 6-7, 232 So.3d at 1231.

As discussed below, *Serigne* may be distinguished from relator's case. As an initial matter, relator "faced the prospect of the death penalty" when the State charged him with a capital offense, at least until the state notified the defense that it did not intend to seek that punishment.[4] Moreover, in *Serigne*, as in other cases discussed below, the defendant was seeking reversal of his conviction based on the allegation that the trial court had erred in granting the pretrial motion he himself had filed concerning his preferred trier of fact.

As a general matter, there exists no right to a bench trial under the United States Constitution. *State v. Bazile*, 2012-2243, pp. 9-10 (La. 5/7/13), 144 So.3d 719, 728-729,[5] citing U.S. Const. art. III, §2, cl. 3 and *United States v. Jackson*, 390 U.S. 570, 584, 88 S.Ct. 1209, 1217-1218, 20 L.Ed.2d 138 (1968)("It is true

---

[4] Indeed, defendant still arguably faces the prospect of the death penalty as the state's notice that it did not intend to pursue capital punishment could presumably be withdrawn and a death verdict pursued.

[5] In *Bazile*, the Court held the 2010 amendment of La. Const. art. I, §17(A) (discussed below) to be constitutional under both 1) U.S. Const. Amend. VI's right to a jury trial and 2) the due process clauses of U.S. Const. Amend. XIV and La. Const. Art. I, §2.

that a defendant has no constitutional right to insist that he be tried by a judge rather than a jury.").

In Louisiana, La. Const. art. I § 17 provides in pertinent part: "A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict . . . . *Except in capital cases*, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable." (emphasis added). Finally, La. C.Cr.P. art. 780(A) similarly provides that "[a] defendant with an offense *other than one punishable by death* may knowingly and intelligently waive a trial by jury and elect to be tried by the judge." The plain language of our Constitution and the amended article suggests that a defendant has a conditional right to waive the right to a jury trial (so long as that defendant exercises that right forty-five days before trial, at which time such right ceases to exist (absent consent from the district attorney)), in accordance with La. Const. art. I, §17(A) in all cases *except* those "punishable by death." In this case, notwithstanding that the State has filed notice that it did not intend to seek the death penalty in this case, the charge is still a capital one insofar as it is "*punishable* by death,"[6] and accordingly we find that the defendant cannot invoke Louisiana law to waive his right to a jury.

Like *Serigne*, the cases cited to by the defense recognizing the valid wavier of the right to a jury are ones in which the defendant waived the jury and then challenged the waiver (granted pursuant to his own motion) on appeal after the

---

[6] R.S. 14:30 (C)(1) sets out the available penalties for commission of the offense when the prosecutor seeks a capital verdict as "death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."

court convicted him, claiming in essence (and in hindsight) that he had been denied the right to a jury trial because the district court had granted his pretrial motion. *See State v. Lewis,* 2009-846, p. 8 (La. App. 3 Cir. 4/7/10), 33 So.3d 1046, 1054, *writ denied,* 2010-967 (La. 11/24/10), 50 So.3d 825 (rejecting claim that defendant could not waive a jury and holding "because the [s]tate did not pursue the death penalty, the [d]efendant would not be punished as a capital offender under [La.] C.Cr.P. Art. 782, thus allowing him to waive his right to trial by jury."); *State v. Singleton,* 05-622, pp. 9-10 (La. App. 5 Cir. 1/31/06), 922 So.2d 647, 653 ("we find that since the state did not seek a capital verdict [on an aggravated rape charge], defendant was entitled to waive his right to a jury trial").[7] Those claims were rejected by the appellate courts, which found, on appeal, that the law authorized the waiver under the circumstances and accordingly upheld the defendants' convictions by the bench. In essence, in such circumstances, the appellate courts denied those defendants a second bite at the apple in cases in which they, themselves, had waived a jury and been granted a trial at which the judge acted as fact finder.[8] The relator has pointed to no cases in which an appellate court has reversed the district court in a pretrial setting based on the lower court's finding that the defendant could not waive -- and was thus "forced" to be tried by -- a jury.

---

[7] Because the prosecution in *Singleton* preceded the United States Supreme Court's decision in *Kennedy v. Louisiana,* 554 U.S. 407 (2008), in which the Court held that the Eighth Amendment prohibited the death penalty for the rape of a child where the crime did not result in the death of the victim, a death sentence was still a permissible punishment for the non-fatal aggravated rape at issue in *Singleton.*

[8] In the State's opposition, it convincingly argues that these cases stand for the proposition that a "relator cannot game the system by proceeding with a bench trial and then complaining later that the waiver was invalid."

Notably, however, our Supreme Court granted writs and reversed in a pretrial posture after the district court *granted* the defendant a bench trial within forty-five days of the originally-set trial date and the state objected. In *State v. Landrieu*, 2017-0950 (La. 6/9/17), 220 So.3d 732, the Court found that the district court had erred by granting a bench trial, notwithstanding that the case had moved to a different section of court and hence trial was not set to commence within forty-five days of the most-recent defense motion.[9] The Court initially noted that as set out in *Bazile, supra*, a defendant's right to waive a trial by jury was not "unbridled," *id.*, p. 1; 220 So.3d 732, and found that the district judge's ruling granting the bench trial[10] invited relitigation of earlier pretrial rulings, which went to the "heart of the policy considerations articulated in *Bazile*." *Id.*, p. 2; 220 So.3d 733.

## CONCLUSION

Notwithstanding the State's notice that it would not pursue a death verdict, the charge remains "punishable" by death. To find reversible error stemming from the court's failure to authorize waiver of a jury in such a case would be tantamount to encouraging gamesmanship by the accused. Under these circumstances, we find no error in the trial court's denial of relator's motion to waive jury trial and be tried by the court.

**WRIT GRANTED, RELIEF DENIED**

---

[9] Notably, the relator had filed an earlier motion to waive in the original section of court which the judge in that section had found untimely.

[10] In an unpublished opinion, our Court denied writs in response to the state's writ application seeking review of the district court's ruling granting the defense a bench trial. *See State v. Landrieu*, 2017-0445 (La. 6/5/17) (unpub'd).