| STATE OF LOUISIANA | * | NO. 2025-K-0029 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JAKIYA MULLER | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 562-263, SECTION "C"
Honorable Benedict J. Willard, Judge

* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Tiffany Gautier Chase)

Aaron Zagory
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119


COUNSEL FOR DEFENDANT/RESPONDENT


Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Thomas Frederick
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White St.
New Orleans, LA 70119


COUNSEL FOR STATE OF LOUISIANA/RELATOR


**WRIT GRANTED; JUDGMENT REVERSED**

**FEBRUARY 21, 2025**

In this writ application, the State of Louisiana seeks review of the December 18, 2024 district court ruling which granted the defendant's waiver of jury trial. The State asserts that the waiver was untimely filed and, as such, the defendant must be tried before a jury. For the following reasons, we grant this writ and reverse the district court's ruling.

**STATEMENT OF THE CASE**

On June 16, 2024, the defendant/respondent, Jakiya Muller, was charged by bill of indictment with two counts of first-degree rape, violations of La. R.S. 14:42; one count of second-degree rape, a violation of La. R.S. 14:42.1; two counts of second-degree kidnapping, violations of La. R.S. 14:44.1; and one count of attempted second-degree rape, a violation of La. R.S. 14:27 and La. R.S. 14:421.

The case was allotted to Section G, Honorable Nandi Campbell presiding. On June 18, 2024, the defendant filed a motion to suppress evidence, statement, and identification, and after a July 25, 2024 hearing, Judge Campbell denied the motions. A pretrial conference was then set for September 25, 2024, and the case was set to be tried on October 21, 2024.

The State filed several pre-trial notices on September 24, 2024, the day before the pre-trial conference was set. However, on the day the pretrial conference was to be held, the case was transferred under the rules of criminal district court from Section G to Section C, Honorable Benedict Willard presiding. This transfer occurred after Judge Willard recused himself from two cases, and those cases were transferred from Section C to Section G. Subsequently, a pre-trial conference was set for December 18, 2024. No new trial date was set.

As the defendant's case proceeded, the State received DNA test results related to one of the rape charges. The results reflected that the defendant could not be excluded as a contributor of the DNA relating to that charge. In accordance with ongoing discovery obligations, those results were disclosed to the defendant's attorney.

On the morning of the December 18, 2024 pre-trial conference, the defendant filed a motion to change his plea to a dual plea of not guilty and not guilty by reason of insanity. He also filed a pleading entitled, "Waiver of Jury Trial." At the pre-trial conference, the state objected to the waiver as untimely. The trial court granted the waiver.

On January 13, 2025, the State noticed its intent to seek a writ, and the district court set a return date of January 17, 2025. The State filed its writ application with this Court on January 14, 2025.

**DISCUSSION**

Under La. Const. art. I, § 17(a), "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable." The constitutional provision has been codified in La. C.Cr.P. art. 780(B), which

provides that the defendant shall exercise his right to waive a trial by jury no later than forty-five days prior to the date the case is set for trial.

In *State v. Landrieu*, 2017–0950 (La. 6/9/17), 220 So.3d 732, the Supreme Court addressed the defendant's assertion that, after his case had been transferred to another section of criminal district court and a new trial date was set in that section, that his waiver of jury trial, filed over forty-five days before the new setting, was timely. The Court stated:

> La. C.Cr.P. art. 780(B) provides "the defendant shall exercise his right to waive trial by jury... not later than forty-five days prior to the date the case is set for trial." In *State v. Bazile*, 2012-2243 (La. 5/7/13), 144 So.3d 719, 735, this court recognized a defendant's right to trial by jury and the waiver of that right are not unbridled, as it declared the mandatory forty-five day filing delay set forth in La. C.Cr.P. 780 to be constitutional since it does not deprive a defendant of "a constitutionally-protected right and serve[s] a legitimate state interest." *Id.*, p. 12–13, 2012–2243, 144 So.3d at 730. We recognized that for a variety of reasons trial delays may "turn a defendant's actual date of trial into a moving target...[and] there must exist a fixed point in time by which the timeliness of a defendant's jury waiver can be determined." *Id.*, p. 20, 2012–2243, 144 So.3d at 735. As such, in an effort to prevent last minute jury trial waivers, "we interpret[ed] the term 'trial date' in La. Const. art. I, § 17(a) to mean the initial trial setting." *Id.*, p. 21, 2012–2243, 144 So.3d at 735.
>
> Under the given facts, we find the district court misapplied La.C.Cr.P. art. 780 and *Bazile* after the case was transferred to his section of Orleans Parish Criminal Court by designating a new initial trial setting for purposes of calculating the delay for the filing of a waiver of right to jury trial. The defendant had filed an earlier motion to waive in another section of court, which was denied as untimely. This court denied the defendant supervisory relief. *State v. Landrieu,* 2017-0009 (La. 2/10/17), 216 So.3d 48. Further, this dispute arises because the defendant's case was transferred from another section within the same court. *See*, *State v. Cannon,* 185 La. 395, 169 So. 446, 447 (1936)("There is only one criminal district court in the parish of Orleans.... The different sections are not different courts, but are separate sections or divisions of the same court.").

*Landrieu*, 2017–0950, p. 1 (La. 6/9/17), 220 So.3d 732-33.

In this case, the defendant's trial was initially set on October 21, 2024.

3

Pursuant to *Landrieu*, the defendant had forty-five days prior to that date to file a waiver of jury trial. Therefore, his December 18, 2024 waiver is untimely. Further, under *Landrieu*, the transfer of the case to another section of Orleans Criminal District Court did not affect that date, and discovery issues in the case also had no effect on the date. *See Landrieu*, 2017-0950, p. 1 (La. 6/9/17), 220 So.3d at 732-33 (quoting *State v. Bazile*, 2012-2243, p. 21 (La. 5/4/13), 144 So.3d 719, 735 ("We recognized that for a variety of reasons trial delays may "turn a defendant's actual date of trial into a moving target...[and] there must exist a fixed point in time by which the timeliness of a defendant's jury waiver can be determined.")

**CONCLUSION**

Based on the above and foregoing reasons, the State's writ is granted and the district court's ruling granting the waiver of jury trial is reversed.

**WRIT GRANTED; JUDGMENT REVERSED**