CORRECTED COPY

**STATE OF LOUISIANA**     *     **NO. 2025-K-0134**

**VERSUS**     *

    **COURT OF APPEAL**

**NORMAN SMITH**     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 560-341, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Jason Rogers Williams
District Attorney
Corbin C. Bates, III
Assistant District Attorney
ORLEANS PARISH
619 South White Street
New Orleans, Louisiana 70119

       COUNSEL FOR STATE OF LOUISIANA/RELATOR


John T. Fuller
Devin C. Jones
Jerome W. Matthews, Jr.
JOHN T. FULLER & ASSOCIATES, L.L.C.
909 Poydras Street, Suite 2270
New Orleans, Louisiana 70112

       COUNSEL FOR DEFENDANT/RESPONDENT


       **WRIT GRANTED; JUDGMENT REVERSED**
       **APRIL 16, 2025**

The State of Louisiana ("the State") seeks review of the trial court's January 28, 2025 ruling granting the Defendant's motion to waive trial by jury. For the following reasons, we grant Defendant's writ and reverse the trial court's ruling.

**FACTUAL AND PROCEDURAL HISTORY**

On December 15, 2023, Defendant/Respondent, Norman Smith ("Defendant"), was charged by bill of indictment with one count of second-degree murder with a firearm, a violation of La. R.S. 14:30.1; attempted second-degree murder with a firearm, a violation of La. R.S. 14:(27)30.1; and obstruction of justice in a second-degree murder investigation, a violation of La. R.S. 14:130.1. A month later, Defendant pled not guilty to all charges.

After several continuances, the trial court conducted a probable cause hearing and heard Defendant's motions to suppress evidence and statement on September 4, 2024. At the conclusion of the hearing, the trial court found probable cause to substantiate the charges and denied Defendant's motions. Additionally, the trial court set a pre-trial conference on December 9, 2024, and trial date on January 13,

2025. On December 9, 2024, the trial court proceeded with the pre-trial conference, and the trial date remained set on January 13, 2025. Four days before the trial date, Defendant filed a motion to waive trial by jury.

On January 13, 2025, Defendant moved to continue the trial date, the trial date was continued to May 5, 2025, and a pre-trial conference was set on January 17, 2025. Additionally, the trial court determined that Defendant's motion to waive trial by jury would be addressed on the next court date. On January 17, 2025, the trial court set a January 28, 2025 pre-trial conference.

The trial court heard Defendant's motion to waive trial by jury on January 28, 2025, and granted the motion. On February 21, 2025, the State filed a written notice of intent to file a writ, and the trial court set a return date of February 27, 2025. The State now seeks supervisory review of the trial court's ruling allowing the waiver of the jury trial.

## DISCUSSION

Under La. Const. art. I, § 17(a), "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable." The constitutional provision has been codified in La. C.Cr.P. art. 780(B), which provides:

> The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.

2

In *State v. Landrieu*, the Louisiana Supreme Court addressed defendant's claim that because a new trial date was set – after his case was transferred to another section of criminal district court – his waiver of jury trial, filed over forty-five days before the new setting, was timely. 2017-0950 (La. 6/9/17), 220 So.3d 732. The Louisiana Supreme Court stated:

> La. C.Cr.P. art. 780(B) provides "the defendant shall exercise his right to waive trial by jury... not later than forty-five days prior to the date the case is set for trial." In *State v. Bazile*, 2012-2243 (La. 5/7/13), 144 So.3d 719, 735, this court recognized a defendant's right to trial by jury and the waiver of that right are not unbridled, as it declared the mandatory forty-five day filing delay set forth in La. C.Cr.P. 780 to be constitutional since it does not deprive a defendant of "a constitutionally-protected right and serve[s] a legitimate state interest." *Id.*, p. 12-13, 2012-2243, 144 So.3d at 730. We recognized that for a variety of reasons trial delays may "turn a defendant's actual date of trial into a moving target...[and] there must exist a fixed point in time by which the timeliness of a defendant's jury waiver can be determined." *Id.*, p. 20, 2012–2243, 144 So.3d at 735. As such, in an effort to prevent last minute jury trial waivers, "we interpret[ed] the term 'trial date' in La. Const. art. I, § 17(a) to mean the initial trial setting." *Id.*, p. 21, 2012-2243, 144 So.3d at 735.
>
> Under the given facts, we find the district court misapplied La.C.Cr.P. art. 780 and *Bazile* after the case was transferred to his section of Orleans Parish Criminal Court by designating a new initial trial setting for purposes of calculating the delay for the filing of a waiver of right to jury trial. The defendant had filed an earlier motion to waive in another section of court, which was denied as untimely. This court denied the defendant supervisory relief. *State v. Landrieu*, 2017-0009 (La. 2/10/17), 216 So.3d 48. Further, this dispute arises because the defendant's case was transferred from another section within the same court. See, *State v. Cannon*, 185 La. 395, 169 So. 446, 447 (1936)("There is only one criminal district court in the parish of Orleans....The different sections are not different courts, but are separate sections or divisions of the same court.").

*Id.* at p. 1, 220 So.3d at 732-33.

Most recently, in *State v. Muller*, this Court granted the State's writ and reversed the trial court's granting of a waiver of jury trial filed after the first trial setting but beyond forty-five days of the second setting. 2025-0029, pp. 3-4 (La.

App. 4 Cir. 2/21/25), ___ So.3d ___, ___, 2025 WL 572774, at *2. ("In this case, the defendant's trial was initially set on October 21, 2024. Pursuant to *Landrieu*, the defendant had forty-five days prior to that date to file a waiver of jury trial. Therefore, his December 18, 2024 waiver is untimely.") Although *Landrieu* and *Muller* contain certain factual distinctions from the present matter, these two cases stand for the proposition that "trial date", as used in La. Const. art. I, § 17(a), means the initial trial setting.

In the matter herein, Defendant's trial date was initially set on January 13, 2025. At the time Defendant filed his motion to waive jury trial, January 13, 2025 was the operative trial date. Forty-five days prior to that date was on or around November 29, 2024[1], and Defendant failed to meet this deadline as he did not file his waiver until January 9, 2025, four days before the initial trial setting. During the hearing on the motion to waive trial, defense counsel asserted he believed the January 13, 2025 trial date was set in error and was a pretrial date. However, defense counsel's assertion is not supported by the record, specifically the trial court's docket master. For each date – September 4, 2024; December 9, 2024; and January 9, 2025 – the docket master provides, "TRIAL SET FOR 1/13/25…SEND NOTICE TO DEFENSE COUNSEL…." Defense counsel's misunderstanding regarding the January 13, 2025 trial date should have no effect on the date by which Defendant's waiver was required to have been filed.

---

[1] November 29, 2024 was a court holiday, as it was the day after Thanksgiving. Therefore, Defendant's motion to waive jury trial would have needed to be filed by Monday, December 2, 2024.

4

Based on the jurisprudence that has explicitly interpreted the term "trial date" in La. Const. art. I, § 17(a) to mean the initial trial setting, Defendant had forty-five days prior to *initial* trial date of January 13, 2025 to file a waiver of jury trial and failed to do so. Accordingly, his motion for waiver filed four days before the *initial* trial date is untimely.

## CONCLUSION

Based on the above and foregoing reasons, the State's writ is granted, and we reverse the trial court's January 28, 2025 ruling granting the Defendant's motion to waive trial by jury.

**WRIT GRANTED; JUDGMENT REVERSED**