STATE OF LOUISIANA          *          NO. 2025-K-0134

VERSUS                      *          COURT OF APPEAL

NORMAN SMITH                *          FOURTH CIRCUIT

                            *          STATE OF LOUISIANA

                            *

                            *
                    * * * * * * *


**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority's opinion granting the State's writ and reversing the district court's decision to accept Defendant's waiver of jury trial.

This case hinges upon the interpretation and application of La. Const. art. I, § 17(A) and La. C.Cr.P. art. 780(B), which require a jury trial waiver to be filed no later than forty-five days before the "trial date." The crux of the majority's ruling is that the operative "trial date" for calculating the timeliness of a waiver is the initial trial setting and in this case that is January 13, 2025, even though that date never culminated in a trial and was continued at the request of Defendant.

The timeline of pertinent events is as follows:

• December 15, 2023: Defendant Norman Smith indicted on multiple charges.

• January 17, 2024: Defendant entered a plea of not guilty.

• September 4, 2024: Probable cause hearing and motion to suppress held. Trial was set for January 13, 2025, with a pre-trial conference scheduled for December 9, 2024.

• December 9, 2024: Pre-trial conference held. Trial remained scheduled for January 13, 2025.

• January 9, 2025: Defendant filed a motion to waive jury trial.

• January 13, 2025: Defendant moved to continue trial. Court granted the

continuance and reset trial for May 5, 2025, and pre-trial for January 17, 2025.

• January 17, 2025: Court deferred ruling on the waiver and reset a pre-trial conference for January 28, 2025.

• January 28, 2025: After argument, court granted the waiver of jury trial.

• February 21, 2025: State filed a notice of intent to seek writ.

• February 27, 2025: Return date set for writ application.

The majority relies on *State v. Bazile*, 12-2243 (La. 5/7/13), 144 So.3d 719, *State v. Landrieu*, 17-0950 (La. 6/9/17), 220 So.3d 732, and *State v. Muller*, 25-0029 (La. App. 4 Cir. 2/21/25), --- So.3d ----, 2025 WL 572774, to interpret the "trial date" as the initial setting for trial. However, each of these decisions arose in distinct factual contexts, and a mechanical application of their holdings fails to account for the nuances of this record.

Unlike in *Landrieu*, where the defendant's waiver followed a transfer of the case from one section of court to another, or *Muller*, where the waiver came more than two months after the initial setting with no intervening continuance, the record in the case *sub judice* reflects that Defendant filed the waiver before the initial trial date and then affirmatively sought a continuance, which was granted before trial commenced. Importantly, the court did not rule on the waiver until after granting the continuance and setting a new trial date. This makes the January 13, 2025 setting, while originally set as the initial trial date, no longer operative at the time the court accepted the waiver.

Furthermore, defendant counsel asserted that, at the time the case was initially set for trial, he believed that the January 13, 2025 setting was not a firm trial setting, but rather, was a pretrial setting, since he intended to file a motion to quash. Defense counsel gave the following explanation for his delay in filing the waiver to the district court: "Judge, we genuinely thought the trial was a pretrial date which is why we were appearing to address the motion to quash[.]"

Apparently accepting counsel's explanation, the district court responded: "I get it," and granted the waiver of jury trial. Under these circumstances, I do not find that the district court abused its discretion in granting the waiver. *See State v. Chinn*, 11-2043, p. 10 (La. 2/10/12), 92 So.3d 324, 330 n. 8 (noting that La. C.Cr.P. art. 780(B) "affords the district court the discretion to allow a waiver.").

The text of La. Const. art. I, § 17(A) requires the waiver to be filed "no later than forty-five days prior to the trial date." In this case, the operative trial date at the time of the waiver ruling was May 5, 2025. Forty-five days prior to that date was March 21, 2025 — a deadline Defendant plainly met by filing the waiver on January 9, 2025.

The constitutional and statutory language does not reference the "initial" trial date; rather, it speaks in the present tense of "the trial date." While courts have read in a "fixed point in time" to ensure orderly administration, this must not override a defendant's constitutional right, particularly where the waiver was filed before any trial occurred and the court had not yet ruled on the waiver.

Moreover, as the district court noted, the State's objection is not based on prejudice, surprise, or disruption of trial proceedings, none of which occurred. The waiver was addressed well in advance of the new trial date and provided ample time for the court and parties to prepare.

The constitutional guarantee of a fair trial includes a defendant's right to intelligently and voluntarily waive a jury subject to reasonable procedural deadlines. In the case *sub judice*, Defendant filed his waiver in good faith, before any trial took place, and before the forty-five-day period preceding the next scheduled trial date.

I would find that the district court acted within its discretion in granting the waiver on January 28, 2025, and I would deny the State's writ. Therefore, I dissent.